IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GLENDA LOPEZ, | | |
|     Plaintiff, | CIV. NO. S-12-0231 KJM GGH PS | |
|     vs. | | |
| UNITED STATES OF AMERICA, | <u>AMENDED</u> | |
|     Defendant. | <u>FINDINGS & RECOMMENDATIONS</u> | |
| _____/ | | |

       This amended findings and recommendations is issued merely to correct a clerical error, and in no way effects a change in the analysis or result.  Therefore, the objections and reply already filed in response to the original findings and recommendations will automatically be considered in regard to this amended findings and recommendations.  No further filings are necessary.

       This action was referred to the undersigned pursuant to Local Rule 302(c)(21). This action was removed from state court on January 30, 2012.  In the order requiring joint status report, filed January 30, 2012, plaintiff was advised of the requirement to obey federal and local rules, as well as orders of this court, and the possibility of dismissal for failure to do so. Defendant filed a motion to dismiss on February 6, 2012, to which plaintiff did not respond.  By order filed March 6, 2012, the hearing on the motion was vacated due to plaintiff's failure to file

1

an opposition, and the motion was taken under submission.

BACKGROUND

Plaintiff filed this action in state court, alleging that Dr. Skinner, an employee of Community Medical Centers, Inc., intentionally refused to treat plaintiff for a clogged arterial vein. (Def.'s Mot., Ex. A.)  Both Dr. Skinner and Community Medical Centers, Inc. are deemed employees of the United States Public Health Service. (Dkt. no. 2.)   The United States substituted in as defendant in place of Dr. Skinner. (Dkt. no. 3.)   The government now moves to dismiss for plaintiff's failure to exhaust administrative remedies and for insufficient service of process.

DISCUSSION

I.  Rule 12(b)(1) - Subject Matter Jurisdiction

On a Rule12(b)(1) motion to dismiss for lack of subject matter jurisdiction, plaintiff bears the burden of proof that jurisdiction exists. See, e.g., Sopcak v. Northern Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir.1995); Thornhill Pub. Co. v. General Tel. & Electronics Corp., 594 F.2d 730, 733 (9th Cir. 1979).  Different standards apply to a 12(b)(1) motion, depending on the manner in which it is made. See, e.g., Crisp v. U.S., 966 F. Supp. 970, 971-72 (E.D. Cal. 1997).

First, if the motion attacks the complaint on its face, often referred to as a "facial attack," the court considers the complaint's allegations to be true, and plaintiff enjoys "safeguards akin to those applied when a Rule 12(b)(6) motion is made." Doe v. Schachter, 804 F. Supp. 53, 56 (N.D. Cal. 1992).  Presuming its factual allegations to be true, the complaint must demonstrate that the court has either diversity jurisdiction or federal question jurisdiction. For diversity jurisdiction pursuant to 28 U.S.C. § 1332, plaintiff and defendant must be residents of different states.  For federal question jurisdiction pursuant to 28 U.S.C. § 1331, the complaint must either (1) arise under a federal law or the United States Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2, or (3) be authorized by a jurisdiction statute.

1  Baker v. Carr, 369 U.S. 186, 198, 82 S. Ct. 691, 699-700, 7 L. Ed. 2d 663 (1962).

2         Second, if the motion makes a "factual attack" on subject matter jurisdiction, often referred to as a "speaking motion," the court does not presume the factual allegations of the complaint to be true. Thornhill, 594 F.2d at 733. In a factual attack, defendant challenges the truth of the jurisdictional facts underlying the complaint. "Faced with a factual attack on subject matter jurisdiction, the trial court may proceed as it never could under Rule 12(b)(6). . . . No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Id. (quotations and citation omitted). The court may hear evidence such as declarations or testimony to resolve factual disputes. Id.; McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).[1]

II. Analysis

       Although the court liberally construes the pleadings of pro se litigants, they are required to adhere to the rules of court. As set forth in the district court's order requiring status report, failure to obey local rules may not only result in dismissal of the action, but "no party will be entitled to be heard in opposition to a motion at oral arguments if opposition has not been timely filed by that party." E. D. Cal. L. R. 230(c). Rule 230(i) provides "failure to appear may be deemed withdrawal of ... opposition to the motion...." Plaintiff's failure to oppose should be deemed a waiver of opposition to the granting of the motion. In the alternative, the court has reviewed the motion and finds that it has merit.

       The government moves to dismiss in part based on failure to exhaust administrative remedies. Its motion represents that Community Medical Centers, Inc. is a

---

[1] If the jurisdictional issue is intertwined with the merits of the case, the trial court cannot determine the jurisdictional issue until such facts are appropriately resolved. See Roberts v. Corrothers, 812 F.2d 1173, 1177-78 (9th Cir.1987); see also Trentacosta v. Frontier Pac. Aircraft Indus., 8l3 F.2d 1553, 1558 (9th Cir. 1987) (summary judgment standard applied if motion determines facts where jurisdictional issue and merits are intertwined).

federally supported health center, and that employee Edwina Skinner, M.D. was acting within the scope of her employment at the time of the acts alleged in the amended complaint.  As a qualifying federally supported health care center, Community Medical Centers, Inc. comes under the Federally Supported Health Centers Assistance Act ("FSHCAA"), 42 U.S.C. § 233, which provides that the federal government is the medical malpractice insurer for specific health centers which receive federal funding.  This act expanded liability protection of employees of federally funded health centers to all patients of those entities.  Id. § 233(g)(1)(B).  As such, this suit falls under the Federal Tort Claims Act ("FTCA"), which is the exclusive remedy for such malpractice actions.  Id. § 233(g)(1)(A); 28 U.S.C. §§ 2675-2681.  The determination of coverage under the FSHCAA is made by the Department of Health and Human Services which may deem a health care center and its employees to be covered.  42 U.S.C. § 233(g)(1)(F).  Dr. Skinner is deemed a statutory employee under the FSHCAA.

The FTCA waives the sovereign immunity of the United States for actions in tort.  The FTCA also provides that before an individual can file an action against the United States in district court, she must seek an administrative resolution of the claim.  28 U.S.C. § 2675(a) provides, in relevant part,

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligence or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

Here, according to the government's unopposed motion, plaintiff did not submit an administrative tort claim before bringing this action.  (Torres Decl., ¶ 4.)  Therefore, this case should be dismissed.[2]

---

[2] Based on the finding of a lack of subject matter jurisdiction, it is not necessary to address the government's second ground for dismissal, insufficiency of service of process.

CONCLUSION

Accordingly, IT IS RECOMMENDED that this action be dismissed for lack of subject matter jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge"s Findings and Recommendations."  Any reply to the objections shall be served and filed within seven (7) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).[3]

DATED: June 21, 2012

      /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:076/Lopez0231.mtd-amd.wpd

---

[3] As stated in the opening paragraph, the objections and reply already filed will be considered in conjunction with these amended findings and recommendations.